UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JEFFREY MURRAY, ) | |
| ) | |
| Plaintiff, ) | ECase No. 1:02-cv-438 |
| ) | |
| v. ) | Honorable Richard Alan Enslen |
| ) | |
| WILLIAM REED et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed in forma pauperis. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.         Factual allegations

Plaintiff is currently incarcerated in the Southern Michigan Correctional Facility (SMF). Plaintiff's complaint does not concern the conditions of confinement; rather, Plaintiff claims that he has been denied parole in violation of his due process rights. In his pro se complaint, Plaintiff sues the following members of the Michigan Parole Board: William Reed, Marianne Samper, Maurice Armstrong, William Hudson, and Stephen H. Marschke. Plaintiff also names (unknown) McKee, Warden at SMF; (unknown) Carpenter, Grievance Corrdinator at SMF; Bill Martin, former Director of the Michigan Department of Corrections (MDOC); and Michael Powell, Manager of Prison Affairs for the MDOC.

Plaintiff claims that Defendants Reed and Samper denied his parole on October 29, 2001. He was given a continuance of twenty-four months. According to Plaintiff, the parole board gave the following reasons for denying parole: (1) assaultive offense; (2) prior criminal record; (3) major misconducts; (4) high statistical assaultive risk; (5) weapon or threat of a weapon; (6) more than two victims threatened or involved; (7) jail sentence served; (8) felony convictions; (9) assaultive felony convictions; (10) probation failures; (11) on probation when the instant offense took place; and (12) juvenile commitments. Plaintiff claims a multitude of errors on the part of the parole board in denying his parole that constituted a violation of his due process rights. First, Plaintiff claims he was denied parole without an interview. Plaintiff claims that without holding an interview, the parole board members were unable to properly evaluate his physical condition, mental health and social attitude. Plaintiff also disputes the veracity or accuracy of all of the reasons given by the parole board for denying his parole listed above, except (2), (7), (8), (10) and (11). In addition, Plaintiff alleges that the parole board made errors in scoring the parole guidelines. He

further contends that the parole board improperly considered old misconduct convictions and his prior criminal record in making their decision.

Plaintiff also raises claims concerning the grievance process. Apparently, Plaintiff filed a grievance concerning the denial of his parole. Plaintiff asserts that Defendants Carpenter and McKee violated MDOC policy and his constitutional rights when they failed to direct Plaintiff's Step II grievance to the parole board chairperson. According to MICH. DEP'T OF CORR. Policy Directive 03.02.130(EE), the parole board chairperson should be the Step II respondent for grievances involving the parole board. For relief, Plaintiff seeks compensatory damages of $100,000 from each of the Defendants. Plaintiff also seeks injunctive relief, including his release on parole.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Jones v. City of Carlisle, 3 F.3d 945, 947 (6th Cir. 1993), cert. denied, 510 U.S. 1177 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994).

A.  **Parole Denial**

Plaintiff contends that the Michigan Parole Board made numerous errors in denying his parole that constituted a violation of his due process rights. He fails to raise a claim of

constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so and, thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. Id. at 7; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir. 1991).

In Sweeton v. Brown, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), cert. denied, 513 U.S. 1158 (1995), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of Sweeton and had continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. See Bullock v. McGinnis, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); Turnboe v. Stegall, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000), cert. denied, 532 U.S. 978 (2001); Hawkins v. Abramajtys, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); Irvin v. Michigan Parole Bd., No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000), cert. denied, 531 U.S. 1197 (2001); Clifton v. Gach, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. See Fifer v. Michigan Dep't of Corr., No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); Moran v. McGinnis, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); Vertin v. Gabry, No. 94-

2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); Leaphart v. Gach, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), cert. denied, 522 U.S. 1057 (1998); Janiskee v. Michigan Dep't of Corr., No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); Neff v. Johnson, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); Haynes v. Hudson, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. Glover v. Michigan Parole Bd., 596 N.W.2d 598, 603-04 (Mich. 1999).

Therefore, until Plaintiff has served his maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. See Haynes, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." See Greenholz, 442 U.S. at 11. Thus, the Michigan Parole Board's alleged errors in denying Petitioner parole implicate no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.[1]

B. **Grievance Process**

Plaintiff also raises claims concerning the grievance process. Apparently, Plaintiff filed a grievance concerning the denial of his parole. Plaintiff contends that Defendants Carpenter and McKee violated MDOC policy and his constitutional rights when they failed to direct Plaintiff's Step II grievance to the parole board chairperson. Under MICH. DEP'T OF CORR. Policy Directive 03.02.130(EE), the parole board chairperson should be the Step II respondent for grievances

---

[1]To the extent Plaintiff seeks release on parole, his action is improper. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 484, 493 (1973). However, Plaintiff's habeas corpus action would also be unsuccessful because he does not have a liberty interest in parole.

involving the parole board. Plaintiff, however, cannot identify any constitutional right that was infringed. The Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 510 U.S. 1022 (1995); Carpenter v. Wilkinson, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); Miller v. Haines, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); Saylor v. O'Dea, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); Wilcox v. Johnson, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); Wynn v. Wolf, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994). Michigan law does not create a liberty interest in the grievance procedure. See Wilcox, 1996 WL 253868, at *1; Wynn, 1994 WL 105907, at *1. Because there is no inherent constitutional right to an effective prison grievance procedure, a prisoner's allegation that a defendant improperly handled or denied a grievance is not a claim of constitutional dimension. See Overholt v. Unibase Data Entry, Inc., No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000); Lyle v. Stahl, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $105 appellate filing fee pursuant to § 1915(b)(1), see McGore, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $105 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:
July 10, 2002

   /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
United States District Judge